UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONNA BERNARDI,<br><br>    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., ET AL.,<br><br>    Defendants. | Case No.: 5:11-CV-04212 EJD<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS, DENYING MOTION TO AMEND, AND STRIKING FIRST AMENDED COMPLAINT**<br><br>**(Re: Docket Nos. 13, 17, 31)** |

Pending before the court is Defendant JPMorgan Chase Bank N.A.'s ("JPMorgan") and Defendant Bank of America N.A.'s ("Bank of America") unopposed motion to dismiss and Plaintiff Donna Bernardi's ("Bernardi") motion to amend. The court finds that these motions are appropriate for determination without oral argument. See Civil L.R. 7-1(b). For the reasons discussed below, the motion to dismiss is GRANTED with leave to amend, the motion to amend is DENIED, and the First Amended Complaint is STRICKEN.

**I. BACKGROUND**

**A. Procedural History**

On, August 25, 2011, Bernardi filed this action. On October 5, 2011, Defendants filed the pending motion to dismiss and a request for judicial notice. Pursuant to Civil Local Rule 7-3(a), Bernardi could file an opposition to the motion to dismiss no later than October 19, 2011. Bernardi

1

Case No.: 5:11-CV-04212 EJD
ORDER GRANTING UNOPPOSED MOTION TO DISMISS, DENYING MOTION TO
AMEND, AND STRIKING FIRST AMENDED COMPLAINT

did not do so. Pursuant to Fed. R. Civ. P. 15(a)(1)(b), Bernardi could amend her Complaint as a matter of course no later than October 26, 2011. Bernardi did not do so. On October 26, 2011, Defendants filed a reply brief noting Bernardi's failure to oppose the motion. Pursuant to Civil Local Rule 7-3(c), Bernardi could file a reply in support of her motion no later than November 2, 2011. Bernardi did not do so. On January 25, 2012, the court took both motions under submission without oral argument. See Civil L.R. 7-1(b). On January 27, 2012, Bernardi filed a First Amended Complaint. Docket No. 31.

**B. Allegations in Bernardi's Complaint**

The following facts are alleged in the Complaint.

On or about October 14, 2004, Bernardi obtained a loan against the property located at 4497 Highway 9, Felton, California, 95018 ("Subject Property"). Compl. ¶¶ 4, 22. "MERS" was named on the Deed of Trust as the "nominee" and "beneficiary" of the Deed of Trust. Id. ¶ 22. Washington Mutual Bank ("WaMu") attempted to securitize and sell her loan but failed to adhere to the Pooling and Servicing Agreement's requirement that the note and mortgage be properly endorsed, transferred, accepted, and deposited with the WAMU 2005-AR19 Trust ("WAMU Trust") on or before December 23, 2005. Id. ¶¶ 23, 25. As a result of this failure to comply with the Pooling and Servicing Agreement, the note and mortgage are not party of the WAMU Trust. Id. at ¶ 25. Thus, Bank of America, as Trustee for the WAMU Trust, has no authority to collect on the loan. Id. ¶ 26.

On or about November 6, 2009, Deborah Brignac ("Brignac") executed an Assignment of Deed of Trust (the "Assignment") in which she represented that she was the Vice President for JPMorgan, which was acting as a mortgage servicer (id. at 1), and that JPMorgan transferred its interest in the note and mortgage to Bank of America. Id. ¶ 28. Plaintiff disputes the authenticity of this document because Brignac is, in fact, an employee of California Reconveyance Company ("CRC") and not of JPMorgan. Id. ¶¶ 28-9. CRC was acting as JPMorgan and Bank of America's agent. Id. ¶ 71. This Assignment demonstrates that the note and mortgage had not been deposited in the WAMU Trust and is an attempt to hide the failure to securitize the note and mortgage. Id. ¶

2

Case No.: 5:11-CV-04212 EJD
ORDER GRANTING UNOPPOSED MOTION TO DISMISS, DENYING MOTION TO AMEND, AND STRIKING FIRST AMENDED COMPLAINT

30. The Assignment was fraudulently executed without JPMorgan's knowledge or authorization. Id. ¶ 35. The Assignment is a fraudulent lien created to aid in the foreclosure and collection of Bernardi's mortgage payments. Id. ¶ 37. Bernardi's note was never properly transferred to Bank of America. Id. ¶ 39.

As a result of the above fraudulent conduct, Bernardi paid Defendants for her mortgage payments for a period of approximately seven years. Id. ¶ 95. On or about March 2009, Bernardi initiated loan modification negotiation efforts with JPMorgan. Id. ¶ 47. After months of negotiation, Bernardi was denied a loan modification. She then learned that none of Defendants have authority to collect or service her loan. Id. ¶ 47. On or around July 26, 2011, Bernardi sent a Qualified Written Request letter to JPMorgan requesting contact information for the current holder of the mortgage note. Id. ¶ 48. JPMorgan has not responded. Id.

In the course of Defendants' attempting to enforce the note despite their lack of authority to do so, Defendants failed to properly credit payments made, incorrectly calculated interest on the accounts, an failed to accurately debit fees. Id. ¶ 50. As a result, Bernardi has been damaged including overpaying in interest and having her credit damaged. Id. ¶¶ 53-60.

On the basis of these allegations, Bernardi brings this action for (1) declaratory relief, (2) negligence, (3) quasi-contract, (4) violation of the Fair Debt Collection Practices Act ("FDCPA"), (5) violation of California Unfair Competition Law ("UCL"), (6) accounting, and (7) to quiet title.

**C. Defendants' Request for Judicial Notice**

The court GRANTS Defendants' unopposed request for judicial notice ("RJN"). The court takes notice of the following documents.

The Deed of Trust recorded on October 20, 2004 indicates Bernardi, the borrower, owed $528,000 to WaMu, the lender, and names CRC as the trustee. RJN Ex. 1.

The Assignment of Deed of Trust recorded on November 10, 2009 indicates that all beneficial interest under the Deed of Trust, executed by Bernardi as trustor to CRC as trustee, is transferred to Bank of America. RJN Ex. 2. The signature line of this Assignment indicates it was signed by "Deborah Brignac, Vice President." Id. The text directly above the signature line reads,

3

Case No.: 5:11-CV-04212 EJD
ORDER GRANTING UNOPPOSED MOTION TO DISMISS, DENYING MOTION TO AMEND, AND STRIKING FIRST AMENDED COMPLAINT

"JPMorgan Chase Bank, National Association, successor in interest to Washington Mutual Bank, FA." Id.

The Notice of Default and Election To Sell under Deed of Trust, which was also recorded on November 10, 2009, indicates the Subject Property was in foreclosure because Bernardi was behind in her payments and the property could be sold. RJN Ex. 3. According to the Notice, the amount owed at that time was $18,474.35. Id. The Notice instructs Bernardi to contact JPMorgan to arrange for payment. Id. The Notice is signed by an Assistant Secretary at CRC. Id.

The Notice of Trustee's Sale recorded on February 11, 2010 indicates the Subject Property would be sold at action by CRC as the trustee. RJN Ex. 4. This Notice is signed by Brignac. Id. The amount of the unpaid balance and other charges at that time is reported as $603,549.95. Id.

The Purchase and Assumption Agreement dated September 25, 2008 indicates JPMorgan purchased the assets of WaMu and lists the terms of that purchase and assumption of assets. RJN Ex. 5.

## II. MOTION TO DISMISS

### A. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual

4

Case No.: 5:11-CV-04212 EJD
ORDER GRANTING UNOPPOSED MOTION TO DISMISS, DENYING MOTION TO AMEND, AND STRIKING FIRST AMENDED COMPLAINT

allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

**B. DISCUSSION**

As discussed above, Bernardi failed to file an opposition to this motion to dismiss. In deciding this motion, the court relies on Bernardi's Complaint, Defendants' motion, Defendants' Request for Judicial Notice, and Defendants' Reply.

All of Bernardi's claims depend on her assertion that the Assignment is fraudulent and thus Bank of America and JP Morgan, as Bank of America's loan servicer, have no interest in the loan or the property against which the loan was taken. Bernardi, however, has failed to plead sufficient facts to demonstrate the plausibility of this assertion and therefore has not stated a cognizable theory of liability. Although Bernardi asserts that "MERS was named on the Deed of Trust as the purported 'nominee' and 'beneficiary' of the Deed of Trust," (Compl. ¶ 22) this assertion is directly contradicted by the Deed of Trust itself (RJN Ex. 1). The Deed of Trust states that WaMu is both the lender and the beneficiary. See RJN Ex. 1 at 1 ("'Lender' is [WaMu" and "Lender is the beneficiary under this Security Instrument.") JPMorgan acquired WaMu's interest in the loan when it acquired WaMu's assests. See RJN Ex. 5. Although the Assignment transferring beneficial interest in the loan from JPMorgan to Bank of America was signed by CRC rather than by JPMorgan (Compl. at 28-29), CRC was JPMorgan's agent (Id. at 71). Thus, Bernardi has not pleaded sufficient facts to show that the Assignment transferring beneficial interest to Bank of America is invalid such that Bank of America and JPMorgan, acting as Bank of America's loan servicer (id. at 1), could not collect payments on the loan.

The Complaint also does not plead facts sufficient to establish a claim that CRC acted improperly as the agent for JPMorgan or Bank of America. The Deed of Trust authorizes CRC as trustee to execute notices in the event of default and of sale. See RJN Ex. 1 ¶ 22. Bernardi has not pleaded sufficient facts to show that CRC lacked authority to issue these notices as the trustee.

Because Bernardi has not pleaded facts sufficient to establish a plausible claim that CRC, JPMorgan, or Bank of America attempted to enforce the note and collect the loan in a manner inconsistent with their rights under the Deed of Trust and Assignment, all her claims are insufficiently pleaded. Accordingly, the unopposed motion to dismiss is GRANTED with leave to amend.

### III. MOTION TO AMEND

**A. LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend its complaint once as a matter of course within 21 days of service of an answer or a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a)(1). After that initial period has passed, amendment is permitted only with the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2). Rule 15 instructs that "[t]he court should freely give leave when justice so requires." Id. Although this rule "should be interpreted with extreme liberality, leave to amend is not to be granted automatically." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal citation and quotation marks omitted). Courts commonly consider four factors when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999).

Bernardi also moves under Federal Rule of 6(b)(1)(B) to extend the time to allow her to file an amended complaint. Under Rule 6(b)(1), for good cause, the court may extend the time to act after the time has expired because of a party's excusable neglect.

**B. DISCUSSION**

6

Case No.: 5:11-CV-04212 EJD
ORDER GRANTING UNOPPOSED MOTION TO DISMISS, DENYING MOTION TO AMEND, AND STRIKING FIRST AMENDED COMPLAINT

1    Under Rule 15, Bernardi was permitted to amend her complaint without leave of court no
2 later than October 26, 2011, which is 21 days after Defendants filed their motion to dismiss.
3 Bernardi did not amend her complaint by that date. Thirteen days after that deadline passed, on
4 November 8, 2011, Bernardi filed this motion to amend.

5    Bernardi has not filed a proposed First Amended Complaint or in any other manner
6 informed the court of the substance of the proposed amendment. As a result, Defendants were
7 unable to address the bad faith, undue delay, prejudice, or futility of any specific amendment. On
8 January 27, 2012, two days after the court took this motion under submission, Bernardi filed a First
9 Amended Complaint. Although the improperly-filed First Amendmed Complaint gives this court
10 some indication of the amendments for which Bernardi seeks leave, the court has not received any
11 briefing addressing these amendments.

12    Because the motion to amend failed to inform the court of the proposed amendment,
13 Bernardi has failed to meet her burden to show that leave is warranted under Rule 15 or that good
14 cause exists under Rule 6 to extend the deadline to amend without leave of court. Accordingly, the
15 motion to amend is DENIED.

## IV. CONCLUSION

17    IT IS HEREBY ORDERED that the unopposed motion to dismiss is GRANTED with leave
18 to amend to correct the deficiencies addressed in the motion to dismiss. Any amended complaint
19 must be filed no later than February 28, 2012.

20    IT IS FURTHER ORDERED that the motion to amend is DENIED as to all other
21 amendments.

22    IT IS FURTHER ORDERED that the First Amended Complaint is STRICKEN. See
23 Docket No. 31.

24    IT IS FURTHER ORDERED that the pending motion to appear by telephone at the January
25 27, 2012 hearing is DENIED AS MOOT. See Docket No. 16.

7

Case No.: 5:11-CV-04212 EJD
ORDER GRANTING UNOPPOSED MOTION TO DISMISS, DENYING MOTION TO
AMEND, AND STRIKING FIRST AMENDED COMPLAINT

IT IS FURTHER ORDERED that, no later than March 2, 2012, the parties shall submit an updated joint case management statement including a proposed schedule. On March 9, 2012 at 10 a.m., the parties shall appear for a case management conference.

Dated: Hgdtwct{"4."4234

_____
EDWARD J. DAVILA
United States District Judge

8
Case No.: 5:11-CV-04212 EJD
ORDER GRANTING UNOPPOSED MOTION TO DISMISS, DENYING MOTION TO AMEND, AND STRIKING FIRST AMENDED COMPLAINT