IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONNA BERNARDI,<br><br>          Plaintiff(s),<br>     v.<br><br>JPMORGAN CHASE BANK, N.A., et. al.,<br><br>          Defendant(s)._____/ | CASE NO. 5:11-cv-04212 EJD<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS**<br><br>[Docket Item No(s). 42] |

In this action relating to the foreclosure of real property, Defendants JPMorgan Chase Bank, N.A. ("JPMorgan") and Bank of America, N.A., as trustee for WaMu 2005-AR19 ("Bank of America"), move to dismiss the Second Amended Complaint ("SAC") filed by Plaintiff Donna Bernardi ("Plaintiff"). See Docket Item No. 42. The court previously granted a similar motion in this case. See Order, Docket Item No. 32.

Having carefully reviewed the moving, opposing and reply papers, the court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and vacated the associated hearing date. For the reasons stated below, Defendants' Motion to Dismiss will be granted and all claims dismissed without leave to amend.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The court recounts the applicable allegations as it did in the prior order. On or about October 14, 2004, Plaintiff obtained a loan in the amount of $528,000.00 from Washington Mutual Bank ("WaMu") secured by a Deed of Trust for the refinance of real property located in Felton,

1  California. See SAC, at ¶ 1.  Thereafter, the Deed of Trust was assigned to Bank of America.  See
2  Request for Judicial Notice ("RJN"), Docket Item No. 43, at Ex. 2.[1]  Plaintiff alleges throughout the
3  SAC that this assignment was improper so as to be ineffective, such that neither Bank of America
4  nor JPMorgan, as WaMu's successor, have authority to collect loan payments and initiate
5  foreclosure proceedings.  See SAC, at ¶ 25.

6  Plaintiff initiated this case on August 25, 2011.  See Compl., Docket Item No. 1.  The court
7  granted Defendant's first motion to dismiss on February 2, 2012, and allowed Plaintiff to file an
8  amended pleading.  See Order, Docket Item No. 32.  She did so on February 28, 2012.  This motion
9  followed.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the

---

[1] Defendants' RJN is GRANTED in its entirety. Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May 12, 2010).

(Left margin: United States District Court, For the Northern District of California)

complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III.   DISCUSSION

The SAC contains five claims: (1) declaratory relief, (2) quasi-contract, (3) violation of 15 U.S.C. § 1692, et. seq., (4) violation of 12 U.S.C. § 2605, and (5) violation of California Business and Professions Code § 17200 et. seq. As the court recognized in the prior order granting defendants' motion to dismiss, all of Plaintiff's claims are based on the theory that the assignment of the Deed of Trust to Bank of America was ineffective or never occurred. Now just as before, this theory is still incapable of supporting Plaintiff's claims.

**A.   Declaratory Relief**

Defendants argue that Plaintiff has again failed to plead a sufficient claim for declaratory relief. Specifically, Defendants contend that Plaintiff has not alleged the existence of an actual controversy. The court agrees.

The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, allows the district court to "declare the rights and other legal relations of any interested party seeking such a declaration . . . ." 28 U.S.C. § 2201(a). However, such relief is limited by the express terms of the statute to cases "of actual controversy." Id. As a result, the finding that an actual controversy actually exists is an essential prerequisite for an claims under the DJA. Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005).

Here, Plaintiff's claim for declaratory relief is based on the premise that Bank of America never acquired an interest sufficient to support the ability to foreclose because the process by which the Deed of Trust and Note were transferred violated the terms of a Pooling and Servicing Agreement ("PSA") which governs certain securitized trusts and apparently requires that "Plaintiff's Note and Mortgage be properly endorsed, transferred, accepted and deposited with the WAMU 2005-AR19 Trust . . . on or before December 23, 2005." See SAC, at ¶ 28.

Notwithstanding the fact that Plaintiff's allegations are still defective for the reasons

identified in the court's prior dismissal order, Plaintiff lacks standing to allege a breach of the PSA because she is neither a direct party to nor a third-party beneficiary of that agreement. See Murphy v. Allstate Ins. Co., 17 Cal. 3d 937, 944 ("A third party should not be permitted to enforce covenants made not for his benefit, but rather for others. He is not a contracting party; his right to performance is predicated on the contracting parties' intent to benefit him. . . . As to any provision made not for his benefit but for the benefit of the contracting parties or for other third parties, he becomes an intermeddler." (internal citations omitted)). Indeed, Plaintiff admits as much in the SAC. See SAC, at ¶ 30 ("Plaintiff does not allege or assert that she is a beneficiary of the PSA.").

Accordingly, this court must conclude - as many other courts have previously - that Plaintiff cannot plead an actual controversy in the absence of standing to enforce the PSA. See, e.g., Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("The argument that parties lose interest in a loan when it is assigned to a trust pool has also been rejected by numerous district courts."); Benham v. Aurora Loan Servs., No. C-09-2059 SC, 2009 U.S. Dist. LEXIS 78384, 2009 WL 2880232 at *3 (N.D. Cal. Sept. 1, 2009) ("Other courts in this district have summarily rejected the argument that companies like MERS lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool."); Bascos v. Fed. Home Loan Mortg. Corp., No. CV 11-3968-JFW (JCx), 2011 U.S. Dist. LEXIS 86248, at *18-19, 2011 WL 3157063 (C.D. Cal. July 22, 2011); Deernick v. Heritage Plaza Mortg. Inc., No. 2:11-cv-01735-MCE-EFB, 2012 U.S. Dist. LEXIS 45728, at *14-16 (E.D. Cal. Mar. 30, 2012). Since this was Plaintiff's second opportunity to plead this claim, and since the standing problem is seemingly insurmountable, this claim will be dismissed without leave to amend as allowing for further amendment would be futile. Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.").

**B.    Quasi-Contract**

Defendants argue that Plaintiff has again failed to state a claim for quasi-contract. They are correct.

As an initial matter, the court notes that a claim for quasi-contract is synonymous with one for unjust enrichment. FDIC v. Dintino, 167 Cal. App. 4th 333, 346 (2008). Classified as such,

quasi-contract "is not an independent cause of action under California law." In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig., 754 F. Supp. 2d 1145, 1193 (C.D. Cal. 2010). Plaintiff's claim is therefore subject dismissal for this reason alone.

But assuming Plaintiff can maintain this equitable claim, she again failed provide sufficient facts to support it. "The elements of an unjust enrichment claim are the 'receipt of a benefit and [the] unjust retention of the benefit at the expense of another.'" Peterson v. Cellco P'ship, 164 Cal. App. 4th 1583, 1593 (2008) (quoting Lectrodryer v. SeoulBank (2000) 77 Cal. App. 4th 723, 726 (2000)). Here, Plaintiff relies on the same underlying allegation that Bank of America never acquired an interest in the Deed of Trust or the Note, and that both JPMorgan and Bank of America were unjustly enriched by collecting Plaintiff's monthly payments. But as already pointed out by the court, these allegations are directly contradicted by documents subject to judicial notice as well as Plaintiff's own allegations, all of which support the interests of JPMorgan and Bank of America in the Deed of Trust.[2] Moreover, Plaintiff has not established that her monthly loan payments were retained at her expense without being credited to her account.

Plaintiff also suggests that her obligation to pay pursuant to the Deed of Trust was satisfied when it was assigned to "a presently unknown entity" as part of the securitization process. That allegation is meritless. "There is no legal authority that the sale or pooling of investment interests in an underlying note can relieve borrowers of their mortgage obligation or extinguish a secured party's rights to foreclose on secured property." Taylor v. CitiMortgage, Inc., 2010 U.S. Dist. LEXIS 119808, 2010 WL 4683881, at *3 (D. Utah Nov. 10, 2011); see also Rosas v. Carnegie Mortg. LLC, CV 11-7692 CAS (CWx), 2012 U.S. Dist. LEXIS 71262, at *27, 2012 WL 1865480 (C.D. Cal. May 21, 2012); see also Rodenhurst v. Bank of Am., 773 F. Supp. 2d 886, 899 (D. Haw. 2011).

Because Plaintiff has not plead a valid claim after two opportunities, the claim for quasi-

---

[2] The RJN, along with Plaintiff's allegations, demonstrate that (1) WaMu was the lender and beneficiary under the original Deed of Trust (see RJN, at Ex. 1); (2) CRC was the trustee with the power of sale (see RJN at Ex. 1); (3) JPMorgan acquired WaMu's assets and as a result acquired an interest in Plaintiff's Note and Deed of Trust (see RJN, at Ex. 5); (4) CRC assigned the Deed of Trust to Bank of America (see SAC, at ¶ 32); and (5) JPMorgan was collecting monthly payments from Plaintiff as Bank of America's loan servicer (see SAC, at ¶ 1).

contract will be dismissed without leave to amend since allowing for further amendment would be futile.

### C. Violation of 15 U.S.C. § 1692 et. seq.

The SAC is devoid of facts supporting liability under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq. In order to state a claim under the FDCPA, a plaintiff must allege facts that establish the following: (1) plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a "debt collector" under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. See, e.g., Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011); McCorriston v. L.W.T., Inc., 536 F. Supp. 2d 1268, 1278 (M.D. Fla. 2008); Fenn v. CIR, Law Offices, No. 1:10-CV-01903-OWW-SMS, 2011 U.S. Dist. LEXIS 23141, at *5, 2011 WL 850131 (E.D. Cal. Mar. 8, 2011). The defendants in this case, which consist of Plaintiff's successor lender and the loan servicer are not "debt collectors" as that term is defined by the statute. See 15 U.S.C. § 1692a(6) (A "debt collector" under the FDCPA is either (1) "a person" the "principal purpose" of whose business is the collection of debts; or (2) "a person" who "regularly" collects debts on behalf of others.); see also Rispoli v. Bank of America, No. C11-362RAJ, 2011 U.S. Dist. LEXIS 85053, at *7, 2011 WL 3204725 (W.D. Wash. July 1, 2011) ("[A]s a matter of law a 'debt collector' under the FDCPA cannot be a consumer's creditor.").

In any event, foreclosure activity does not constitute "debt collection." Diessner v. Mortg. Elec. Registration Sys., Inc., 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009); see also, e.g., Garcia v. American Home Mortg. Serv., Inc., No. 11-CV-03678-LHK, 2011 U.S. Dist. LEXIS 142039, at *13-17, 2011 WL 6141047 (N.D. Cal. Dec. 9, 2011) ("non-judicial foreclosure does not constitute 'debt collection' as defined by the [FDCPA]"); Garfinkle v. JPMorgan Chase Bank, No. C 11-01636 CW, 2011 U.S. Dist. LEXIS 81054, at *7-10, 2011 WL 3157157 (N.D. Cal. July 26, 2011); Geist v. OneWest Bank, No. C 10-1879 SI, 2010 U.S. Dist. LEXIS 113985, at *5-8, 2010 WL 4117504 (N.D. Cal. Oct. 19, 2010); Aniel v. T.D. Serv. Co., No. C 10-03185 JSW, 2010 U.S. Dist. LEXIS 92018, at *2-4, 2010 WL 3154087 (N.D. Cal. Aug. 9, 2010); Landayan v. Washington Mut. Bank, No. C-09-00916 RMW, 2009 U.S. Dist. LEXIS 93308, at *6-7, 2009 WL 3047238 (N.D. Cal. Sept.

1  18, 2009).

2  This claim will be dismissed without leave to amend since allowing for further amendment
3  would be futile.

### D. Violation of 12 U.S.C. § 2605

Plaintiff added a claim for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, in the SAC.  This claim is subject to dismissal because Plaintiff inserted this claim without an appropriate stipulation or leave of court.  The court did not allow Plaintiff to include any new claims in the prior dismissal order,[3] and Federal Rule of Civil Procedure 15 prohibited her from doing so on her own volition.  Under Rule 15(a)(1), a party "may amend its pleading once as a matter of course" within 21 days after that pleading is served, or 21 days after service of a responsive pleading or motion under Rule 12.  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, the defendants filed their first motion to dismiss the original complaint on October 5, 2011, and Plaintiff's ability to amend as a matter of course expired 21 days later pursuant to Rule 15(a)(1)(B).  Amending the complaint to add a new claim in February, 2012, without the stipulation of defendants or leave of court was in contravention of both Rule 15 and the order allowing for an amended pleading.  This claim must be dismissed without leave to amend.

### E. Violation of California Business and Professions Code § 17200 et. seq.

Plaintiff's final claim is for violation of California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200 et. seq.

Under the UCL, there are three varieties of unfair competition: "acts or practices which are unlawful, or unfair, or fraudulent." Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 618-19 (1993).  "Unlawful" practices are "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." Saunders v. Super. Ct., 27 Cal. App. 4th 832, 838 (1999).  "Unfair" practices constitute "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the

---

[3] "It is hereby ordered that the unopposed motion to dismiss is granted with leave to amend *to correct the deficiencies addressed in the motion to dismiss.*" See Order, Docket Item No. 32.

7
CASE NO. 5:11-cv-04212 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1  same as a violation of the law, or otherwise significantly threatens or harms competition." Cel-Tech
2  Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 187 (1999).  The "fraudulent"
3  prong under the UCL requires a showing of actual or potential deception to some members of the
4  public, or harm to the public interest.  See id. at 180; see also McKell v. Wash. Mut., Inc., 142 Cal.
5  App. 4th 1457 (2006); Freeman v. Time, Inc., 68 F.3d 285, 289 (9th Cir. 1995).  The UCL 'borrows'
6  violations of other laws and treats them as unfair business practices, and also "makes clear that a
7  practice may be deemed unfair even if not specifically proscribed by some other law." Cel-Tech, 20
8  Cal. 4th at 180.

9  California Business and Professions Code § 17204 limits standing to bring UCL claims to
10 those individuals who have "suffered injury in fact" and have "lost money or property as a result of
11 the unfair competition."  Defendants presently argue that Plaintiff does not have standing to bring a
12 UCL claim because she has not identified an actual injury in fact as a result of the alleged unfair
13 conduct.  The court implicitly found as much in the prior dismissal order, and the circumstances
14 have not changed under the allegations in the SAC.  Despite what Plaintiff contends, she does not
15 allege the loss of any *actual* money or property, and judicially-noticeable documents indicate that
16 any loss Plaintiff may have suffered or will suffer is a result of her own default on the loan - not
17 somehow caused by the defendants' allegedly unfair conduct.  See RJN, at Exs. 3, 4.

18 Thus, the UCL claim will be dismissed, this time without leave to amend.  Allowing for a
19 third amendment would be futile considering Plaintiff has now had two opportunities to plead this
20 claim and cannot overcome the standing issue described above.

21                              **IV.   ORDER**

22 Based on the foregoing, the defendants' Motion to Dismiss (Docket Item No. 42) is
23 GRANTED.  The claims contained in the SAC are DISMISSED WITHOUT LEAVE TO AMEND.
24 Since this result operates as a final adjudication of this action, judgment will be entered in
25 favor of defendants.  The clerk is instructed to close this file.
26 **IT IS SO ORDERED.**
27 Dated:  June 20, 2012
                                             _____
                                             EDWARD J. DAVILA
28                                           United States District Judge